THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ANGELA IRBY,**

    **Plaintiff,**

v.                                                                                **CIVIL NO. 2:25-MC-00023 JCH**

**JASON ZOLADZ, an individual;**
**KATHARAINE ZOLADZ, an individual;**
**AGA SERVICE COMPANY d/b/a**
**Allianz Global Assistance; and**
**JEFFERSON INSURANCE COMPANY,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On June 26, 2025, Plaintiff Angela Irby filed a *Motion to Quash Deposition Subpoena* (ECF No. 1). Ms. Irby, a New Mexico resident, is a plaintiff in a case filed in this district, *Angela Irby, et al. v. Jefferson Insurance Co. and AGA Service Co. d/b/a Allianz Global Assistance*, Civil Action No. 1:24-cv-00094-SMD-JHR (the "*Irby* Case"). Jason Zoladz and Katharine Zoladz (the "Zoladz Plaintiffs") are plaintiffs in the case of *Jason Zoladz and Katharine Zoladz v. AGA Service Co. and Jefferson Insurance Co.*, Case No. 2:24-cv-00584 JLS (SKx) (the "*Zoladz* Case"), filed in the United States District Court for the Central District of California against the same defendants. The Zoladz Plaintiffs seek to depose Ms. Irby in their case to help them establish pattern and practice evidence. Ms. Irby asks this Court to quash a subpoena to depose her on July 16, 2025. (Pl.'s Mot. 1-2, ECF No. 1.) The Zoladz Plaintiffs filed a brief in opposition to the motion to quash. (Zoladz's Br., ECF No. 8.) Defendants AGA Service Company d/b/a Allianz Global Assistance and Jefferson Insurance Company (the "Allianz Defendants") filed a response taking no position

on the motion to quash but noting they would be entitled to ask questions of Ms. Irby should the deposition take place. (Allianz Defs.' Resp. 1, ECF No. 10.) Ms. Irby filed replies addressing the separate responses. (Pl.'s Reply, ECF Nos. 11 & 12.) The Court, having considered the motion, responses, replies, evidence, and applicable law, will grant the motion to quash.

## I. BACKGROUND[1]

### A. The Factual Allegations in the *Zoladz* Case

Before an October 2023 trip to South Africa, Jason and Katharine Zoladz bought travel insurance from AGA Service Company (d/b/a/ Allianz Global Assistance) and Jefferson Insurance Company, which included, among other coverages, emergency medical transportation and emergency medical care coverage, as well as 24-hour access to a team of experts to assist with medical and travel-related emergencies. (*See* Ex. A (Second Am. Compl.) ¶ 2, ECF No. 8 at 25 of 63.) During the trip, the Zoladzes were violently hijacked and robbed and Jason Zoladz suffered major injuries to the head and jaw, requiring emergency medical care. (*Id.* ¶ 3.) Despite requesting medical assistance from the Allianz Defendants to identify an appropriate medical team, the Allianz Defendants failed to connect the Zoladzes with a medical team or facility to arrange emergency care or to provide advance payment for his medical care, delaying needed medical care and exacerbating his suffering. (*Id.* ¶¶ 4-7, ECF No. 8 at 25-26 of 63.) Mr. Zoladz received substandard care, receiving four titanium plates where only one is medically advised. (*See id.* at ¶¶ 53-54, ECF No. 8 at 43-44 at 63.) The initial surgery left him with continuous pain, and he will likely require additional surgery to remove the extra plates, which may not fully resolve his

---

[1] The factual recitation for the *Zoladz* Case is based on the allegations set forth in the Second Amended Complaint filed in that case and attached as Exhibit A (ECF No. 8 at 23-63 of 63). Likewise, the facts set forth regarding the *Irby* Case are based on the allegations of the complaint filed in that case. The Court sets forth the factual allegations of both cases to establish the context necessary to rule on the motion to quash, but the recitations should not be construed as findings of fact by this Court. The Court recognizes that the Allianz Defendants dispute the factual and legal allegations, and both cases are ongoing. (*See* Allianz Defs.' Resp. 2-4, ECF No. 10.)

injuries. (*See id.*) The Zoladz Plaintiffs bought suit in California against the Allianz Defendants for fraud, breach of contract, bad faith breach of the implied obligation of good faith and fair dealing, violations of California's False Advertising Law and Unfair Competition Law, and negligent and intentional infliction of emotional distress. (*Id.* ¶¶ 65-144, ECF No. 8 at 24-62.) As discovery proceeds in the *Zoladz* Case, the Zoladz Plaintiffs seek pattern and practice evidence to show that the Allianz Defendants systematically fail to provide the emergency medical assistance they promise.

### B. The Factual Allegations in the *Irby* Case

Angela Irby and her husband, William Irby, purchased a travel insurance policy from the same Allianz Defendants for a vacation to Turks and Caicos in November 2021, which included coverage for Emergency Medical Evacuation. *See Irby*, Civil Action No. 1:24-cv-00094-SMD-JHR, Compl. ¶¶ 1-2 (ECF No. 6-2) ("Irby Compl."). William Irby, a prior heart transplant patient, contracted Covid in Turks and Caicos and was medically ordered to be evacuated off the island to a facility in the United States that could treat his unique and dangerous condition. (Irby Compl. ¶¶ 2-3, ECF No. 6-2.) As William's condition deteriorated, Angela attempted repeatedly from November 6th into the morning hours of November 10, 2021, to get the Allianz Defendants to authorize emergency medical evacuation. (*Id.* ¶¶ 3-4.) The Allianz Defendants, however, disregarded the medical records and orders by William's treating physicians and created bureaucratic hurdles that delayed his medical evacuation and care. (*See id.* ¶¶ 4-5, 64-134.) By the time William was evacuated to the United States on November 10, 2021, he was experiencing respiratory failure, with kidney and liver problems, and the window to administer early medical treatments (monoclonal antibodies and antiviral drugs, among others), which likely would have saved William's life, closed. (*See id.* ¶¶ 5, 135-65, 230.) He died on December 17, 2021. (*Id.* ¶¶ 5,

145.) The Allianz Defendants failed to reimburse Ms. Irby for the emergency medical expenses incurred in Turks and Caicos and for the cost of transporting William's remains home to New Mexico, both covered benefits, and they have not paid the Accidental Death Benefit due under the policy. (*Id.* ¶ 6.)

Angela Irby, her children, and the personal representative for William Irby, sued the Allianz Defendants for breach of contract; bad faith breach of insurance contract; violation of the New Mexico Insurance Practices Act and the New Mexico Unfair Practices Act; negligent, intentional, willful, or reckless misconduct resulting in death; and loss of consortium (*See id.* ¶¶ 170-247.) The case is ongoing. The parties agreed to a *Stipulated Protective Order* in the *Irby* Case to protect identified confidential information. (*See* Pl.'s Ex. F, ECF No. 1-6.) The Allianz Defendants deposed Ms. Irby in the *Irby* Case on April 23-24, 2025. Counsel for Ms. Irby represented to the Court that they would produce the transcript of the deposition to the *Zoladz* Plaintiffs on or before June 30, 2025, (Pl.'s Mot. to Quash 3, ECF No. 1), and that the Zoladz Plaintiffs received the transcript, (Pl.'s Reply 4-5, ECF No. 11).

C.  **The Deposition Subpoena and Motion to Quash**

On June 5, 2025, in the *Zoladz* Case, United States Magistrate Judge Steve Kim entered an Order compelling the Allianz Defendants to produce the relevant Case Notes for the plaintiff-insureds in the *Irby* Case, as well as the case notes in two other cases. (*See* Pl.'s Ex. C, ECF No. 1-3.) According to the Order, the Zoladz Plaintiffs "have (just) met their burden of showing adequate relevance of these Case Notes in particular" and that nothing in the Order is intended to suggest that the produced Case Notes "are necessarily admissible for any purpose beyond discovery or cannot be excluded from use at summary judgment or trial." (*Id.*) The Zoladz

4

Plaintiffs subsequently subpoenaed Ms. Irby to testify in a deposition to be held in Las Cruces, New Mexico, on July 16, 2025. (Pl.'s Ex. A ("Deposition Subpoena"), ECF No. 1-1.)

Ms. Irby, a single mother of twin 6-year-olds and a 21-year-old, seeks to quash the Deposition Subpoena. (Pl.'s Mot. to Quash, ECF No. 1; Irby Decl. ¶ 4, ECF No. 1-5.) She started a new job on or around April 28, 2025, with the New Mexico Children, Youth, and Families Department, and is currently in the probationary period, making it difficult and stressful to take time off work. (*Id.* ¶¶ 6-11.) She is currently working overtime to bank hours to cover time off to travel to attend the mediation in her own case. (*Id.* ¶ 16.) According to Ms. Irby, taking additional time off work for a second deposition about her husband's death, after recently having been deposed, would be unduly burdensome and stressful for her. (*Id.* ¶ 17.)

## II.     LAW AND ANALYSIS

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. A court in the district where compliance is requested must quash or modify a subpoena that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). The person seeking to quash a subpoena carries the burden to show undue burden. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation*, 669 F.2d 620, 623 (10th Cir. 1982); *Haney v. University of Kan.*, No. 07-4015-JAR, 2007 WL 2225951, at *2 (D. Kan. July 31, 2007). When evaluating a motion to quash a subpoena, courts may consider the relevance of the information sought, the need for the information, the breadth of the request, and the burden or expense imposed. *See Antitrust Litigation*, 669 F.2d at 623; *Depaula v. Easter Seals El Mirador*, Civ. No. 14-252 MCA/SCY, 2015 WL 12765878, at *3 (D.N.M. Aug. 5, 2015) (J. Yarbrough); *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc.*, 211 F.R.D.

658, 662 & n.17 (D. Kan. 2003) ("the scope of discovery under a subpoena is the same as the scope of discovery under Rules 26(b) and 34") (citing Fed. R. Civ. P. 45, Advisory Committee Notes, 1970 Amendment).

### A. Relevance

Relevant information need not be admissible at the trial to be discoverable. Fed. R. Civ. P. 26(b)(1). Rule 26 encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 301 (D. Kan. 2000) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). The scope of discovery under Rule 26 is broad. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995). Under Rule 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Ms. Irby argues that the information she possesses regarding her case is only minimally relevant to the *Zoladz* Case and it is questionable whether she possesses any information that would be admissible in that case. The Zoladz Plaintiffs counter that Ms. Irby possesses firsthand knowledge of the Allianz Defendants' bad faith practices that reveal a systematic pattern of delay and denial designed to avoid providing costly evacuation services. To this, Ms. Irby responds that she is not an insurance industry standards expert and cannot speak to the Allianz Defendants' patterns and practices in handling evacuation claims. She contends that the Zoladz Plaintiffs appear

not to be truly seeking discovery; rather, they are trying to make Ms. Irby a material witness in their case, to use her tragedy for their own pecuniary benefit.

The Honorable Steve Kim ruled in the *Zoladz* Case that the Case Notes related to the *Irby* Case were discoverable. He noted, however, that the Zoladz Plaintiffs "have (just) met their burden of showing adequate relevance of these Case Notes." (*See* Pl.'s Ex. 3, ECF No. 1-3 (Order in *Zoladz* Case).) He also cautioned that his Order was not suggesting that the Case Notes or information contained therein would necessarily be admissible. Based on the ruling and the record, the Court finds that Ms. Irby's testimony regarding how the Allianz Defendants handled her claim is minimally relevant to the Zoladz Plaintiffs' bad faith claims. (*See id.*) Consequently, while the relevance factor weighs in favor of the Zoladz Plaintiffs, it does so only slightly.

### B. Need for the deposition

Turning to the need for the deposition, Ms. Irby argues that the Zoladz Plaintiffs have alternative discovery in the form of the *Irby* Case complaint, the Allianz Defendants' Case Notes for her claim, and the transcript of her deposition in the *Irby* Case. Moreover, she points out that, according to the Allianz Defendants, the Zoladz Plaintiffs "were granted PHI/PII-redacted access to approximately 70 sets of case notes meeting their search terms designed to locate dissatisfied customers experiencing issues such as delay." (Defs.' Resp. 4, ECF No. 10.) Ms. Irby also asserts that the Allianz Defendants possess hours of recorded telephone calls between the Irbys and the Allianz Defendants. (Reply 5-6, ECF No. 11.) Although the calls are subject to a protective order, she contends that the Zoladz Plaintiffs could seek them in discovery. Given all the other available discovery, Ms. Irby argues that a second deposition of her is unnecessary.

The Zoladz Plaintiffs respond that the identified discovery is not an adequate substitute for her testimony, which can address details and observations not contained in the written records. As

for the Case Notes created by Allianz, the Zoladz Plaintiffs argue that they are incomplete, self-selective recordings of events that are not likely to include all the observations Ms. Irby witnessed, particularly if the information was problematic to the company. With respect to Ms. Irby's prior deposition, they contend that it would not cover the same topics relevant to establish pattern and practice evidence that they need to demonstrate their bad-faith claims, because the Allianz Defendants were directing their questioning to their own defenses.

The Court finds that the need factor does not weigh in favor of the Zoladz Plaintiffs. The Zoladz Plaintiffs already have considerable discovery regarding the facts of the *Irby* Case, including deposition testimony from Ms. Irby. Although they argue that the alternative sources do not capture the full context of Ms. Irby's experience and are not subject to clarifying questions, they have not specifically identified what additional facts they need from a deposition that is not otherwise available through the discovery already in their possession. Nor is it clear that they could not discover those same facts through other means, such as the recorded phone calls, questioning the Allianz Defendants employees involved in the conversations, or an informal interview or affidavit. For the foregoing reasons, the Court finds that the need-for-the-deposition factor weighs in favor of Ms. Irby.

### C. Burden

In support of her undue burden argument, Ms. Irby contends that the Deposition Subpoena will force her to endure a deposition that may prejudice her own case by subjecting her to repeated questioning by the Allianz Defendants who seek to attack her credibility. She further asserts that a second stressful deposition will require her taking more time off work in a new job while she is on probationary status. Finally, Ms. Irby asserts that the *Stipulated Protective Order* in place in

her case places her in a precarious situation should the deposition questioning implicate information subject to that Order.

The Court finds Ms. Irby's primary argument – that a second deposition may prejudice her own case – most persuasive. The *Irby* Case is in active litigation. The Federal Rules of Civil Procedure do not permit a second deposition without leave of court. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Giving the Allianz Defendants a second opportunity to depose Ms. Irby on the same facts and to attack her credibility could potentially prejudice her case. The *Stipulated Protective Order* in place in the *Irby* Case limits disclosure of information designated as "Confidential" to outside parties and creates additional hurdles. A second deposition will require Ms. Irby to prepare with her own out-of-state counsel prior to the deposition and require counsel to attend the deposition, adding expenses and detracting from the preparation of the *Irby* Case. Subjecting Ms. Irby to a second deposition about the tragic, emotional circumstances surrounding the illness and death of her husband, while her own case is active, is a significant burden.

According to the Zoladz Plaintiffs, they have agreed to a remote deposition on a weekend, minimizing the burden on Ms. Irby. (Defs.' Resp. 3, ECF No. 8.) The deposition location and date set forth in the Deposition Subpoena, however, is in-person in Las Cruces on July 16th, a Wednesday. Moreover, while such accommodations may reduce or eliminate the work burdens identified by Ms. Irby, they do not remedy the other burdens and expenses discussed above.

In sum, the Court finds that Ms. Irby has met her burden of showing an undue burden that would result from a second deposition of her while her own case is unresolved.

### D. Breadth

As for the scope of the deposition, the Deposition Subpoena is not limited to only relevant, non-duplicative information. For example, the Zoladz Plaintiffs seek to ask questions that "capture

9

the frustration, desperation, and anguish that Mrs. Irby experienced during those critical four days when her husband's life hung in the balance." (Zoladz Pls.' Resp. 9, ECF No. 8.) Information concerning the emotional impact of the experience is not relevant to the *Zoladz* Case. Nor is there a need for the Zoladz Plaintiffs to ask questions about information already contained in the deposition transcript or other evidence. The lack of limitations in the Deposition Subpoena weighs in favor of Ms. Irby.

### E. Balance of Factors

The Deposition Subpoena will unduly burden Ms. Irby with potential negative ramifications to her own pending case. The relevance of her testimony to the *Zoladz* case is minimal, with no assurance that her sworn testimony would even be admissible in that case. The Zoladz Plaintiffs have considerable other discovery available pertaining to their pattern and practice theory, as well as other potential avenues for additional discovery of the underlying information. The Zoladz Plaintiffs argue that public policy supports discovery to expose and deter systematic bad faith insurance practices that harm consumers. But here, Ms. Irby has a separate case in which she is also attempting to hold the Allianz Defendants accountable for alleged harms to her and her children, and the Court must balance the interests of the parties in both cases. Having considered the relevance of the information sought, the need for the items, the breadth of the request, and the burden on Ms. Irby and her case, the Court finds that the motion to quash should be granted.

**IT IS THEREFORE ORDERED** that Plaintiff Angela Irby's *Motion to Quash Deposition Subpoena* (**ECF No. 1**) is **GRANTED.**

_____
SENIOR UNITED STATES DISTRICT JUDGE